UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTORIC WILSON** : | | **CIVIL ACTION NO. 15-cv-1066** |
| **FED. REG. #40955-074** | | **SECTION P** |
| **VERSUS** : | | **JUDGE MINALDI** |
| **C. MAIRORANA** : | | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Antoric Wilson ("Wilson"). Wilson is in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. Wilson names Warden C. Maiorana as his respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Wilson alleges violations of his constitutional rights from actions taken relative to a disciplinary hearing. On November 30, 2013, a cell phone was found inside Wilson's assigned quarters. Doc. 1, att. 1, p. 3. As a result he was charged with aiding and abetting possession of a hazardous tool. *Id.* at 5. The charge was referred to the Disciplinary Hearing Officer (hereinafter "DHO"). *Id.*

At a hearing on October 28, 2014, the DHO considered the following: (1) the incident report; (2) the investigation, including a picture of Wilson found on the cell phone; and (3) Wilson's testimony. *Id.* He found that Wilson did commit the prohibited act. *Id.* Wilson's sanctions included, among other things, loss of forty days of good time credit. *Id*. at 6. It appears that Wilson appealed the DHO's findings at least through the regional level. *Id.* at 1–2, 7.

## II.
### LAW AND ANALYSIS

Wilson seeks relief pursuant to 28 U.S.C. § 2241, which allows that the writ of habeas corpus be extended to prisoners "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Here Wilson was sanctioned with a loss of good-time credits. Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell* governs this review of the contested disciplinary proceedings. 418 U.S. 539 (1974); *see also Sup't, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985),

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review "some evidence" support the ruling. *Hill*, 472 U.S. at 454 (expanding on *Wolff*, 418 U.S. at 563–67).

Courts will not review a disciplinary hearing officer's factual findings de novo. Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Hill,* 472 U.S. at 454–55; *see also Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986), *cert. denied,* 476 U.S. 1117 (1986). "Prison disciplinary proceedings are overturned only where

no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Furthermore, hearing officers are granted discretion to determine the credibility of the evidence before them. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–537. In this case the DHO considered the following: (1) the incident report; (2) the investigation, including a picture of Wilson found on the cell phone; and (3) Wilson's testimony. Given the wide range of information relied upon by the DHO and the discretion he is granted to determine the credibility of testimony, there is no question that the "some evidence" standard was met to support the DHO's finding of guilt.

Thus, Wilson has failed to show that a constitutional violation occurred and his claims should be denied.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED THAT** the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** ***Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

      THUS DONE this 30th day of September, 2015.

                                      _____
                                        KATHLEEN KAY
                                  UNITED STATES MAGISTRATE JUDGE